Floyd W. Bybee, #012651
**FLOYD W. BYBEE, PLLC**
2173 E. Warner Road, Ste. 101
Tempe, Arizona 85284
Office: (480) 756-8822
Fax: (480) 756-8882
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

**Richard Chrissakis,** an individual;        No.

      Plaintiff,

v.

                   **COMPLAINT**

**Countrywide Home Loans, Inc.,**
a New York corporation;
**Landsafe Credit, Inc.,** a California
corporation,

      Defendants.        (Jury Trial Demanded)

Plaintiff, Richard Chrissakis, upon information and belief, and in good faith, alleges as follows:

## I. PRELIMINARY STATEMENT

1.      Plaintiff brings this action for damages based upon Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq*., and the California Consumer Credit Reporting Agencies Act ("California Act"), California Civil Code §§ 1785.1 *et seq.* Plaintiff seeks statutory damages, actual damages, punitive damages, costs and attorney's fees.

## II.  JURISDICTION

2.    Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.    Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

## III.  PARTIES

4.    Plaintiff is a natural person residing in Maricopa County, Arizona.

5.    Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the FCRA and C.C.C. §1785.3(b) of the California Act.

6.    Defendant Countrywide Home Loans, Inc. ("Countrywide") is New York corporation authorized to do business in Arizona.

7.    Countrywide is both a "person" as defined by FCRA § 1681a(b) and C.C.C. § 1785.3(j), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f) and C.C.C. § 1785.19(a).

8.    Defendant Landsafe Credit, Inc. ("Landsafe") is a California corporation doing business in Arizona.

9.    Landsafe is both a "person" as defined by FCRA § 1681a(b) and C.C.C. § 1785.3(j), and a "user" of credit reporting information as contemplated under FCRA § 1681b(f) and C.C.C. § 1785.19(a)

10.   Landsafe is also consumer reporting agency as defined by FCRA § 1681a(f) and a consumer credit reporting agency as defined by C.C.C. § 1785.3(d).

## IV.  FACTUAL ALLEGATIONS

11.   On December 1, 2004, Countrywide obtained copies of Plaintiff's credit reports from each of the national credit reporting bureaus, Trans Union, Experian and Equifax, through Landsafe, a reseller of credit information.

12.   These credit reports were furnished by Landsafe to Countrywide in the State of California.

13.   At the time Countrywide obtained the credit reports on Plaintiff in December 2004, Plaintiff had no business relationship with Countrywide.

14.   At the time Countrywide obtained the credit reports on Plaintiff in December 2004, Countrywide had no legal or permissible purposed to obtain or use Plaintiff's credit reports as required by the FCRA and the California Act.

15.   At the time Landsafe furnished Countrywide with the credit reports on Plaintiff in December 2004, Countrywide had no legal or permissible purpose to obtain or use Plaintiff's credit reports as required by the FCRA and the California Act.

16.   On October 7, 2005, Countrywide again obtained copies of Plaintiff's credit reports from Trans Union, Experian and Equifax, through Landsafe, a reseller of credit information.

17.   These credit reports were furnished by Landsafe to Countrywide in the State of California.

18.   At the time Countrywide obtained the credit reports on Plaintiff in October 2005, Plaintiff had no business relationship with Countrywide.

19.   At the time Countrywide obtained the credit reports on Plaintiff in October 2005, Countrywide had no legal or permissible purposed to obtain or use Plaintiff's credit reports as required by the FCRA and the California Act.

20.   At the time Landsafe furnished Countrywide with the credit reports on Plaintiff in October 2005, Countrywide had no legal or permissible purpose to obtain or use Plaintiff's credit reports as required by the FCRA and the California Act.

21.   In October 2005, Plaintiff obtained a copy of his credit report from Trans

Union, Experian and Equifax.

22.   The October 2005 report showed that Countrywide had pulled credit reports on Plaintiff from Trans Union, Experian and Equifax on December 1, 2004, and again on October 7, 2005.

23.   The report also identified Landsafe as the consumer reporting agency who furnished Countrywide with Plaintiff's Experian and Equifax reports in October 2005, and the Experian and Trans Union credit reports in December 2004.

24.   Plaintiff subsequently received a copy of his credit report directly from Equifax.  This report showed that Landsafe also furnished Plaintiff's Equifax credit report to Countrywide on December 1, 2004.

25.   Plaintiff also received a subsequent report from Experian which confirmed that Landsafe had provided Countrywide a copy of Plaintiff's Experian credit report in December 2004 and October 2005.

26.   Plaintiff received a copy of his Trans Union credit report which again confirmed that Landsafe had provided copies of Plaintiff's Trans Union credit report to Countrywide in December 2004 and October 2005.

27.   At the time Countrywide accessed Plaintiff's credit reports in December 2004 and October 2005, it falsely represented that it had permissible purpose to obtain Plaintiff's credit reports.

28.   At the time Countrywide accessed and used Plaintiff's credit reports in December 2004 and October 2005, it did not have a permissible purpose as required by 15 U.S.C. § 1681b(f) and C.C.C. § 1785.11.

29.   Countrywide's impermissible access and / or use of Plaintiff's credit reports were for purposes beyond the scope of 15 U.S.C. § 1681b(f) and C.C.C. § 1785.11.

30. At the time Countrywide accessed Plaintiff's credit reports as described above, Countrywide did not have a lawful purpose for requesting, obtaining and using Plaintiff's consumer reports, and therefore its requests, acquisition and / or use of Plaintiff's consumer reports were in violation of FCRA § 1681b(f) and 1681q.

31. Countrywide's illegal inquiries have become a permanent part of Plaintiff's credit profile.

32. At the time Landsafe furnished Countrywide with Plaintiff's credit reports in December 2004 and October 2005, it knew or should have known that Countrywide did not have a permissible purpose as required by 15 U.S.C. § 1681b(f) and C.C.C. § 1785.11.

33. Countrywide's failure to comply with the FCRA when it requested, obtained and used the Plaintiff's consumer reports as alleged above was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA and C.C.C. § 1785.19.

34. As a result of Countrywide's conduct, Plaintiff has suffered actual damages.

35. Landsafe's failure to comply with the FCRA when it furnished Countrywide Plaintiff's consumer reports as alleged above was willful, as contemplated under 15 U.S.C. § 1681n of the FCRA and C.C.C. § 1785.19.

36. As a result of Landsafe's conduct, Plaintiff has suffered actual damages.

37. In the alternative, Countrywide's request for, acquisition of, and use of Plaintiff's credit reports as alleged above constituted the knowing and willful receipt of information on a "consumer" (as that term is defined under the FCRA) from a consumer reporting agency under false pretenses, as contemplated under 15 U.S.C. § 1681n and § 1681q of the FCRA. As a result of Countrywide's conduct, Plaintiff has suffered damages.

38. In the alternative Countrywide's failure to comport with the FCRA when it

requested, obtained and / or used Plaintiff's consumer reports as alleged above was negligent, as contemplated under 15 U.S.C. § 1681*o* of the FCRA.  As a result of the Countrywide's conduct, Plaintiff has suffered damages.

39.   In the alternative, Landsafe's failure to comply with the FCRA when it furnished Countrywide Plaintiff's consumer reports as alleged above was negligent, as contemplated under 15 U.S.C. § 1681*o* of the FCRA.  As a result of the Countrywide's conduct, Plaintiff has suffered damages.

40.   At no time had Plaintiff furnished written instructions authorizing Countrywide to access his credit reports.

41.   As a direct result and proximate cause of Countrywide's actions set forth herein, Plaintiff has suffered damages.

## V.  CAUSES OF ACTION

### a.  Fair Credit Reporting Act

42.   Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

43.   Countrywide did not have a permissible purpose in accessing and using Plaintiff's credit reports in December 2004 and October 2005, as required by the FCRA § 1681b(f).

44.   Landsafe did not have a permissible purpose for furnishing Plaintiff's credit reports to Countrywide in December 2004 and October 2005, as required by the FCRA § 1681b(a).

45.   As a result of the actions of Countrywide and Landsafe, Plaintiff has been damaged.

46.   Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual

damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

47. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

48. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

49. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

**b. California Consumer Credit Reporting Agencies Act.**

50. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

51. As a result of Defendants' actions described above, Plaintiff has been damaged.

1   52.   Plaintiff is entitled to recover from Defendants his actual damages, punitive

2         damages, attorney's fees and costs as provided by C.C.C. §§ 1785.19 and

3         1785.31.

4                        **VI.  DEMAND FOR JURY TRIAL**

5         Plaintiff hereby demands a jury trial on all issues so triable.

6                        **VII.  PRAYER FOR RELIEF**

7         WHEREFORE, Plaintiff requests that judgment be entered against Defendants

8   for:

9         a)   Actual damages in an amount to be shown at trial;

10        b)   Statutory damages pursuant to FCRA § 1681n;

11        c)   Punitive damages pursuant to FCRA § 1681n;

12        d)   Civil Penalties pursuant to C.C.C. § 1785.19;

13        e)   Punitive damages pursuant to C.C.C. § 1785.31;

14        f)   Costs and reasonable attorney's fees; and

15        g)   Such other relief as may be just and proper.

16

17        DATED ___February 23, 2006___ .

18                        **FLOYD W. BYBEE, PLLC**

19

20                          s/ Floyd W. Bybee
                         Floyd W. Bybee, #012651
21                       2173 E. Warner Road, Ste. 101
                         Tempe, Arizona 85284
                         Office:  (480) 756-8822
22                       Fax:  (480) 756-8882
                         floyd@bybeelaw.com
23
                         Attorney for Plaintiff
24

25

26